GERTRUDE H. SHAKNIS, as Administratrix, etc., of LAMBERT SHAKNIS, Deceased, Appellant, *v.* THE STATE OF NEW YORK, Respondent. (Claim No. 23765.)

EDWIN C. DOULIN, Appellant, *v.* THE STATE OF NEW YORK, Respondent. (Claim No. 23654.)

GERALDINE SEILHEIMER, an Infant, etc., by OTTO SEILHEIMER, Her Guardian ad Litem, Appellant, *v.* THE STATE OF NEW YORK, Respondent. (Claim No. 23673.)

OTTO SEILHEIMER, Appellant, *v.* THE STATE OF NEW YORK, Respondent. (Claim No. 23671.)

OTTO SEILHEIMER, as Administrator of the Estate of LOUISE SEILHEIMER, Deceased, and of the Estate of EUGENE A. SEILHEIMER, Deceased, Appellant, *v.* THE STATE OF NEW YORK, Respondent. (Claim No. 23672.)

Rock from the mountains to the west therefrom fell upon the traveled portion of the Storm King State Highway killing three travelers and injuring three others. This occurred on April 8, 1934. During the thawing period each spring, rock from State-owned mountains has fallen into this highway. It is the duty of the State to maintain the highway in a reasonably safe condition for travel and also, as the owner of the adjacent mountain, to construct such barriers as necessary to prevent rock from falling upon travelers using the highway. The frequency with which rock had fallen during each spring since the road was constructed was sufficient to charge the State, as the owner of the adjacent property, with notice of a dangerous condition. ( *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85.) Also the officials and employees of the State had actual knowledge of the danger to travelers, and if the highway could not be made safe for travel it should have been closed. The State's liability arises under section 12-a of the Court of Claims Act.

Judgments of the Court of Claims reversed, with costs, on the law and facts, and judgment in favor of appellants directed. Matter remitted to the Court of Claims to fix damages.

The court reverses findings of fact 11, 17, 18, 19, 20, 21, 23 and 24.

In the claim of Shaknis, as administratrix, the court modifies findings of fact 10, 16 and 22, as indicated in claimant's exceptions.

The court reverses findings of fact 13, 14, 15, 16, 17, 19 and 20 in the claim of Doulin, and modifies findings of fact 7, 12 and 18 as indicated in claimant's exceptions.

The court reverses findings of fact 14, 15, 16, 17, 18, 20 and 21 in the claim of Seilheimer, an infant, and modifies findings of fact 8, 13 and 19 as indicated in claimant's exceptions.

The court reverses findings of fact 16, 17, 18, 19, 20, 22 and 23 in the claim of Seilheimer, as administrator, and modifies findings of fact 10, 16 and 21 as indicated in claimant's exceptions.

The court reverses findings of fact 13, 14, 15, 16, 17, 19 and 20 in the claim of Seilheimer personally, and modifies findings of fact 7, 12 and 18 as indicated in claimant's exceptions.

The court makes findings of fact as requested by claimants' requests to find numbered 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 29. Such findings to apply to each claim.

Hill, P. J., Crapser and Heffernan, JJ., concur; Rhodes, J., dissents and votes to affirm on the ground that the accident was the result of a landslide, viz., major, or so-called act of God, which a reasonably prudent person would not have anticipated. The accident was not caused by the falling of a single rock, or a small quantity of such material, of which danger the State had posted warning. Bliss, J., dissents, with a memorandum.

Bliss, J. (dissenting). I dissent upon the same ground given by Mr. Justice Rhodes, and upon the further ground that the appellants both in their notice of claim and upon the trial relied upon the contention that this highway was so dangerous as not to be reasonably safe for public travel, and was claimed by them to be defective. At the time of the accident section 176 of the Highway Law [now section 58] provided that the State should not be liable for damages suffered by any person from defects in the State highways except between the first day of May and the fifteenth day of November. This was a defective highway within the meaning of section 176 of the Highway Law if it was not reasonably safe for public travel. (See *Whitney* v. *Town of Ticonderoga*, 53 Hun, 214; affd., 127 N. Y. 40; *Hume* v. *Mayor*, 74 id. 264; *Champlin* v. *Village of Penn Yan*, 34 Hun, 33; affd., 102 N. Y. 680; *Jewhurst* v. *City of Syracuse*, 108 id. 303.)