CELESTIA M. JACOBS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25360.)
A. MARGUERITE ORREY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25361.)
MADELINE KELLY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25362.)
HELEN M. LUSCH, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25363.)

Court of Claims, September 3, 1941.

*Wiswall, Wood & MacAffer* [*Frank L. Wiswall* and *Carl O. Olson* of counsel], for the claimants.

*John J. Bennett, Jr., Attorney-General* [*Joseph L. Delaney, Assistant Attorney-General*, of counsel], for the defendant.

RYAN, J. On the evening of September 21, 1938, claimants were passengers in a car driven by claimant Madeline Kelly in a westerly direction on Route 5 between Fonda and Palatine Bridge, and they seek to recover for injuries sustained by them when their car was struck by a mass of rocks, stones and mud, entangled with a tree, which slid down from an embankment on the northerly side of the highway.

This embankment rose from the edge of the shoulder of the road for a distance of approximately one-half a mile; there had been slides in this area for several years prior to September 21, 1938, and it was not an uncommon occurrence to find rocks and boulders in the traveled portion of the highway, which fact was known to the officials and employees of the highway patrol. Yet no barriers had been erected at the point of the accident to protect travelers on the highway.

The doctrine of liability in situations like this was defined in *Shaknis* v. *State of New York* (251 App. Div. 767; affd., *sub nom. Doulin* v. *State of New York*, 277 N. Y. 558), and, until the higher courts disapprove, that case is authority for recovery by the claimants herein. It is true that in the *Shaknis* case the State owned the adjacent property whence came the landslide while here the right of way line did not include the embankment. But that fact does not relieve the State from the duty to afford reasonably safe conditions for travel. (*Klepper* v. *Seymour House Corp.*, 246 N. Y. 65.)

On the day of the accident eastern New York was experiencing the passing of the New England hurricane which came up the Atlantic coast and caused heavy rains, high winds and storms generally. The recorded rainfall between two P. M., September 17, and one A. M., September 22, 1938, totaled 5.42 inches. Notwithstanding the fact that these weather conditions caused the landslide, the State cannot escape on the ground of *vis major* or act of God. That theory was overruled in the *Shaknis* case. (See RHODES, J., dissenting opinion.)

We make an award to each claimant.

BARRETT, P. J., concurs.