ADOLFO LÓPEZ VIZARDEZ, demandante y apelante, *v.* EDUARDO L. SALDAÑA, haciendo negocios bajo el nombre de EDUARDO L. SALDAÑA & CÍA., demandado y apelado.

Núm. 9640.—*Sometido:* Abril 2, 1948. *Resuelto:* Junio 22, 1948.

*Benjamín Ortiz* y *Álvaro Ortiz,* abogados del apelante; *McConell &
Valdés,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Tribunal del Distrito Judicial de San Juan dictó sentencia en este caso declarando con lugar la moción de desestimación presentada por el demandado, por entender que la demanda enmendada no aducía hechos suficientes constitutivos de una causa de acción. El demandante apeló y en este recurso alega que la corte a quo cometió cuatro erro-

res. Todos ellos pueden sintetizarse en uno, o sea el cometido al desestimar la demanda.

Los hechos esenciales alegados en la demanda enmendada, complementada con copia de un contrato, en síntesis, son: que el demandante celebró en septiembre de 1945 un contrato de arrendamiento de servicios con el demandado Eduardo L. Saldaña, haciendo negocios bajo el nombre de Eduardo L. Saldaña & Cía., sin término fijo, en el que se estipuló que el demandante devengaría $130 mensuales de sueldo y "derecho a percibir una participación de los beneficios netos anuales", la cual "se determinará de acuerdo con el prorrateo por cada dólar de su sueldo resultante después de dividir los siguientes por cientos por el total de sueldos pagados" y se especifican distintos por cientos según el departamento en que trabajaba; que convino un período probatorio de dos meses, pasado el cual, el demandante trabajaría para la empresa sujeto a que su trabajo fuera eficiente y a que su conducta dentro de la organización, así como fuera de la misma, fuera irreprochable; que en junio de 1946 la demandada dió por terminado el contrato, despidiendo de su empleo al demandante, alegando éste que tal separación fué sin causa ni motivo justificado, ya que su trabajo era eficiente y su conducta dentro y fuera de la organización, irreprochable; que debido al incumplimiento del contrato por parte del demandado, el demandante ha sufrido daños y perjuicios que estima en $10,000 ya que, en virtud de tal incumplimiento, el demandante ha dejado de percibir emolumentos e ingresos ascendentes a tal cantidad.

¿Son los hechos arriba relatados suficientes para sostener la acción ejercitada? El primer paso lógico es determinar cuál es la relación existente entre demandante y demandado, ya que el apelante levanta la cuestión de que por virtud de la disposición contractual de que participaría en los beneficios, se convirtió en socio de la empresa.

La práctica existente en el comercio y la industria de conceder a los empleados una participación en los beneficios, está ya bastante generalizada. Tal concesión no convierte al empleado en un socio de la empresa, ya que las relaciones de socios se determinan por varios factores y la existencia de uno solo, cual es la participación en la distribución de los beneficios, no crea dicha relación. Esta práctica no es otra cosa que una forma de compensación mediante la cual se estimula la actividad del empleado. En el caso de *General Bronze Corporation* v. *Schmeling et al.*, 250 N.W. 412, se dijo a la pág. 413, que: "Esta corte puede tomar conocimiento del hecho de que el pago de parte de los beneficios netos de un negocio como compensación adicional o como un bono no está considerado en el mundo de los negocios generalmente como inconsistente con una relación de patrono y empleado . . . "

En realidad, la relación existente entre las partes en este caso era la de patrono y empleado. De una lectura del contrato observaremos que el mismo es uno sin término fijo en el cual se estipulaba el salario a pagarse mensualmente, y una compensación adicional de los beneficios netos. Siendo un contrato de mes a mes, tenía derecho el patrono a darlo por terminado al finalizar cualquier mes. *Padró* v. *Valdés*, 16 D.P.R. 326.

▮ Esto no obstante, de acuerdo con la Ley núm. 84 de 12 de mayo de 1943 (Leyes de 1943, pág. 197), para enmendar la sección 1 de la Ley núm. 43 de 23 de abril de 1930 (artículo 1478 del Código Civil): "Todo empleado de industria o de cualquier otro negocio lucrativo, contratado sin tiempo determinado, que fuere despedido de su cargo sin justa causa, tendrá derecho a recibir de su patrono, en adición al sueldo que hubiere devengado, el sueldo correspondiente a un mes por concepto de indemnización; *Disponiéndose,* que las disposiciones de esta Ley no serán aplicables a los mancebos ni factores de comercio, para los cuales re-

girá lo dispuesto en el Código de Comercio.'' De los hechos alegados surge que el demandante tiene una causa de acción contra el demandado consistente en la indemnización que establece la Ley núm. 84, supra, si se demuestra, según alega, que ha sido despedido sin justa causa. ¿Es eso lo único a que tiene derecho el demandante? De acuerdo con esos mismos hechos, creemos que no. Tiene derecho, además, a que se le pague la parte proporcional de los beneficios por el período que estuvo trabajando con el demandado, de acuerdo con los términos del contrato celebrado entre las partes. Posiblemente en forma exagerada, el demandante alegó que esos ''emolumentos e ingresos ascienden a $10,000''. Cualquiera que sea su cuantía es cuestión a ser determinada por la corte de acuerdo con la prueba.

■ Arguye el apelado que la demanda no aduce hechos suficientes, además, porque no se alega en ella que el apelante haya sido despedido sin notificación previa. No tiene razón. La disposición que contenía el artículo 1478 del Código Civil al efecto de requerir que la destitución del empleado hubiese sido, no sólo sin justa causa, sino que también ''sin previo aviso de quince días de anticipación, por lo menos'', fué eliminada por la Ley núm. 84, supra.

■■ A los efectos de la moción de desestimación, los hechos alegados en una demanda hay que aceptarlos como ciertos y alegándose en la de autos, complementada con copia del contrato de servicios, que el demandado se obligó a pagarle al demandante $130 mensuales, más un tanto por ciento de los beneficios netos de la empresa mientras él estuviera empleado, y que el demandante fué despedido sin justa causa, erró la corte al resolver que la demanda enmendada no aduce hechos constitutivos de una causa de acción.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos.*

El Juez Asociado Sr. De Jesús no intervino.