ALICE NICHOLS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29898.)

MILFORD E. NICHOLS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29899.)

LULU S. MILLER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29944.)

Court of Claims, November 8, 1950.

*Alton J. Wightman* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Edward R. Murphy* and *Edward L. Bookstein* of counsel), for defendant.

RYAN, J. The State of New York had constructive notice of the obstruction to the ditch which caused water to flow across the highway. Failure to correct the condition was actionable negligence although the accidents occurred outside the highway maintenance period. (*Shaknis* v. *State of New York,* 251 App. Div. 767 [1937], affd. *sub nom. Doulin* v. *State of New York,* 277 N. Y. 558; *Rogers* v. *State of New York,* No. 24081, affd. 254 App. Div. 927; *Rathbun* v. *State of New York,* No. 24082 [1937], affd. 254 App. Div. 928.)

However, these cases turn on the issue of contributory negligence, or freedom from it, of the respective drivers of two automobiles involved in two accidents, separated in time by three hours, which occurred February 18, 1948, in the vicinity of River Bend Inn, Steuben County. The motorists were traveling on U. S. 15, a highway maintained by the State of New York.

The claimant Alice Nichols had traversed the flooded part of the highway twice a day for the several days that the water had been flowing over the pavement. She was an habitual user of the road going and coming at routine hours. She had observed its condition and she testified that on the morning of the accident she expected to find water. It seems unlikely that water had not been tracked beyond and to the south of the point where it streamed across the pavement on one or more previous mornings. But, assuming that this was the first occasion, the duty to anticipate that the water would be tracked and that it would freeze devolved as much upon Mrs. Nichols as upon the employees of the State. She, as well as they, were subject to

the rule of action of the reasonably prudent person. Did she exercise reasonable care? She was driving between thirty-five and forty miles an hour. She slowed down. She might have been going between twenty and twenty-five miles per hour. Whether or not the speed at which she was operating was excessive under the prevailing weather and road conditions and the curve in the road is a question for the triers of fact. (*Hawley* v. *Corroon*, 261 App. Div. 904 [1941], affd. 286 N. Y. 581.) As we regard it, the result demonstrates that the precaution which Mrs. Nichols took was not proportioned to the danger. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340 [1928].) After extended deliberation we reach the conclusion that Mrs. Nichols has not met her burden of establishing her freedom from contributory negligence and that her claim must be dismissed. (*Rogers* v. *State of New York*, No. 24080 [1937], affd. 254 App. Div. 927.)

Turning to the claim of Lulu S. Miller, it appears that she had not been over the highway for several months prior to the accident and did not know about the conditions until she arrived at the scene. Journeying from Bath the highway was " good and dry " and she did not observe any ice until she " got into difficulty ". As she proceeded and got into the vicinity of River Bend Inn she observed " just that the highway looked moist and damp ". She testified " I just wasn't observing the condition of the highway. I certainly didn't expect any ice and the car started to skid. I was approaching the curve ". Upon cross-examination Mrs. Miller testified that she was driving about forty miles per hour. There is no suggestion of evidence that she slowed down at any time. Mrs. Miller's accident occurred at about nine o'clock in the morning of a clear day. Photographs and a map demonstrate that there was ample sight distance. To Mrs. Miller the overflow of water, slush and ice should have given warning of its inherent danger. (*Canfield* v. *State of New York*, Nos. 23587, 23588 [1934], affd. 244 App. Div. 888; *Laitenberger* v. *State of New York*, No. 27919, 190 Misc. 633 [1947], affd. 273 App. Div. 942. See, also, *Paulsen & Silleman* v. *State of New York*, Nos. 25545, 25546, 25547 [1940], not reported.) She, too, has failed to sustain her burden. We are unable to make a finding that she was free from contributory negligence. Her claim must be dismissed.

The claim of Milford E. Nichols for loss of consortium and for medical expenses for his wife must also be dismissed.

LOUNSBERRY, P. J., concurs.

Decisions accordingly.