BAUDILIA RIVERA VERA ET AL., Plaintiffs and Appellants, *v.* THE PEOPLE OF PUERTO RICO, ETC., Defendant and Appellee.

No. 10607.  Argued August 26, 1952.—Decided October 10, 1952.

---

[5] *Cf. Serrano* v. *Succession of Santos*, 24 P.R.R. 163, 170.

842

*Frank Torres* for appellants. *Víctor Gutiérrez Franqui, Attorney General,* and *José Antonio Arabía, Assistant Attorney General,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The first Section of Act No. 226 of May 5, 1950, (p. 578) provides:

"Baudilia Rivera Vera and Matilde González are hereby authorized to sue The People of Puerto Rico independently of whether the latter has acted or not through a special agent, in a civil action for damages: the former for the death of her minor natural son, Juan Rivera Vera, and the latter for the death of her minor daughter, Estrella Martínez González both deaths having occurred through the supposed fault and negligence of The People of Puerto Rico."

Pursuant to the authorization thus granted, Baudilia Rivera Vera and Matilde González brought an action for damages against the People of Puerto Rico on June 16, 1950. They alleged in their complaint, insofar as essential here, that on April 16, 1948, at approximately half past four

in the afternoon, the minor Juan Rivera Vera, a natural child of the former, and Estrella Martínez, a legitimate child of the latter, were travelling, as paying passengers, from Ponce to Adjuntas upon highway No. 6 in a bus driven by Julio Toro Avilés; that as the vehicle proceeded in the aforesaid direction, a huge stone weighing about ten hundredweights suddenly and unexpectedly broke loose on the south side of the highway, from the top of the cliff or lateral escarpment, a distance of about 282 meters, and fell on the said bus, breaking through its top and penetrating into the bus where the passengers were riding, instantly killing the aforesaid minors; that said highway is a public thoroughfare under the administration and control of the People of Puerto Rico, which has a legal servitude on it, on its two sides and the cliffs, escarpments or lateral areas thereof; that the death of the aforesaid minors was solely and exclusively due to the fault and negligence of the People of Puerto Rico, its representatives, servants or agents, and that said fault and negligence were the sole, efficient and direct cause of the minors' death, and allegedly consisted, among others, in the following acts:

"*a*) In permitting a stone or rock the size of that which caused the death as alleged in the complaint to remain unattended, loose and without any kind of support in an inclined cliff, alongside a highway constantly used by travellers, pedestrians and people riding in vehicles. In not preventing by some physical means within its reach said rock or stone visibly dangerous from becoming dislodged because of its weight on account of the law of gravity.

"*b*) In not removing in time said stone or rock of considerable weight from the cliff or lateral escarpment alongside the highway in order to prevent its becoming dislodged.

"*c*) In not having foreseen, as the People of Puerto Rico did not foresee, the imminent danger represented by a stone or rock the size of that which caused the death, considering that said stone or rock was heavy enough to become dislodged and cause death and injury to persons and property.

"*d*) In not having foreseen that stones or rocks of considerable weight must not be permitted or tolerated to stand out, to be uncovered or projecting from inclined hillsides or escarpments facing a highway, since the normal force of gravity and erosion of the land bring about landslides and the dislodging of rocks with the consequent danger for persons and property travelling upon highways.

"*e*) That when the accident that gave rise to this complaint occurred, and prior thereto, the defendant, the People of Puerto Rico, through its Commissioner of the Interior, and/or through its representatives, agents or servants, regardless of whether said agents or representatives of the defendant were acting or not as special agents of the defendant, were aware and knew of the condition of imminent danger for persons and property because of the position of the stone or rock in the lateral escarpment alongside the highway on the date, day, hour and place of the accident and prior thereto."

The People of Puerto Rico filed a motion to dismiss that complaint, on the ground that it does not state facts constituting a cause of action. The motion was heard and the court *a quo* entered an order on September 14, 1951, granting the motion and giving the plaintiffs ten days to amend their complaint, if feasible. Four days later the plaintiffs prayed for judgment in accordance with the aforesaid order and on that same date the court entered judgment as requested.

The plaintiffs appealed and allege now that the trial court erred in "granting the motion to dismiss filed by the defendant and, consequently, in entering judgment against the plaintiffs dismissing the complaint."

Although in their original brief the plaintiffs aver that their action is based on the civil liability of §§ 1802 *et seq.* of our Civil Code, 1930 ed., in their complementary brief they allege that their cause of action is based on the aforesaid Sections "as the same are related to §§ 393 to 404 of the Political Code of Puerto Rico." The appellants undoubtedly mean §§ 1803 of the Civil Code and 404 of

the Political Code.[1]  For the purpose of the question of law before us, however, we need not decide whether the action is based on the aforesaid Section of the Civil Code or on the above-mentioned Section of the Political Code.

■ The motion to dismiss filed by the defendant has the scope and effect of the demurrer contemplated by § 105, subdivision 6 of the Code of Civil Procedure, that is, it admits the truth of the essential averments of the complaint. *Boulon* v. *Pérez*, 70 P.R.R. 941, 944; *López* v. *Saldaña*, 68 P.R.R. 897, 901.  We must decide, thus, whether, admitting as true all the material allegations of the complaint, the latter determines a good cause of action against the People of Puerto Rico.

■ The backbone of the complaint, as noted, is that while the minors in question were travelling in a bus along one of the public thoroughfares of Puerto Rico, a huge rock about 282 meters away became dislodged from the top of a cliff, fell on the bus and killed them.  That, of course, is merely the gist of the complaint.  Nevertheless, the allegation to that effect is complemented by others, wherefore in our opinion the complaint, as worded, states a cause of action against the People of Puerto Rico.

It must have been noted that after alleging in the complaint that the minors were travelling in the bus and that a huge stone suddenly and unexpectedly broke loose from the top of the cliff, fell on top of the vehicle and caused the death of the minors, it is further alleged that the highway on which

---

[1] Section 1803 of the Civil Code, 1930 ed., insofar as pertinent, provides:

"The State is liable in this sense when it acts through a special agent; . . . . ."

Section 404 of the Political Code provides:

"CIVIL RESPONSIBILITY.—That The People of Porto Rico shall be liable for injuries to persons or property occurring through a defect, or want of repair, or of sufficient protection, in or upon an Insular highway in charge of the bureau of public works, except where it shall be proved that such defects were caused by violence of the elements and that there had not been ample time in which to remedy them."

the accident in question occurred is a public highway under defendant's administration and control; that the minors' death was exclusively due to the fault and negligence of the People of Puerto Rico, its representatives, servants or agents; that said fault and negligence consisted in the defendant's having permitted a stone the size of that in question to remain unattended, loose and without any kind of support in an inclined cliff, adjacent to the highway upon which vehicles are constantly passing and in not preventing by some physical means the said stone from becoming dislodged; in not removing the stone in time; in not having foreseen the imminent danger it entailed; in permitting such a large stone to remain out of the ground in a hillside adjacent to the highway; and in the fact that prior to the accident, the defendant, through its representatives or servants, knew and was aware, of the condition of imminent danger for persons and property entailed by the position of the stone.

All those essential averments of the complaint having been admitted by the defendant by virtue of his motion to dismiss, the complaint unquestionably states a cause of action for damages against the defendant.[2]

The Rules of Civil Procedure are applicable to an ordinary civil action such as the one under consideration.[3] In accordance with Rule 8:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the facts giving rise to the action and showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief to which he deems himself entitled. ..."

It cannot be gainsaid here that the complaint contains a short and plain statement of the facts giving rise to the

---

[2] *Cf. Shaknis* v. *State*, 251 App. Div. 767, 295 N.Y.S. 663, affirmed in *Doulin* v. *State*, 277 N. Y. 558, 13 N.E.2d. 472; as well as *Jacobs* v. *State*, 177 Misc. 70, 33 N.Y.S.2d. 692; *Trimble* v. *State*, 26 N.Y.S.2d. 533; and *Boskovich* v. *King County*, 61 P. 2d. 1299, 107 A.L.R. 591.

[3] See Rule 81.

action and which prima facie show that the plaintiffs are entitled to relief, as well as a demand for judgment in their favor. Complaints in cases like this need not be as detailed at present as prior to the effectiveness of the aforesaid Rules. 2 Moore's Federal Practice, 2d ed., p. 1607. Upon examining Form 8, which appears at the end of the Rules, it will be seen that a brief statement of facts entitling plaintiff to relief, and a demand for judgment in his favor are sufficient. The statement of facts in this case is more complete by far than the one that appears in the aforesaid Form. Construing it so as to do substantial justice, as Rule 8(f) provides that all pleadings shall be construed, the inescapable conclusion is that the complaint in the instant case determines a good cause of action.

Therefore, the court *a quo* erred in granting the motion to dismiss and, consequently, the judgment appealed from will be reversed and the case remanded to that court for further proceedings not inconsistent with this opinion.

Mr. Chief Justice Todd, Jr., and Mr. Justice Ortiz did not participate herein.