BAUDILIA RIVERA VERA, ETC., demandantes y apelantes, *v.* EL PUEBLO DE PUERTO RICO, representado por el GOBERNADOR HON. LUIS MUÑOZ MARÍN, demandado y apelado.

Núm. 10607.—*Sometido:* Agosto 26, 1952. *Resuelto:* Octubre 10, 1952.

.*Frank Torres*, abogado de las apelantes; *Hon. Procurador General Víctor Gutiérrez Franqui* y *José Antonio Arabía, Procurador General Auxiliar*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

La sección primera de la Ley 226 de 5 de mayo de 1950 (pág. 579) dispone:

"Por la presente se autoriza a las señoras Baudilia Rivera Vera y Matilde González, a demandar a El Pueblo de Puerto Rico, independientemente de que éste haya o no actuado mediante un agente especial, en acción civil de Daños y Perjuicios: la primera por la muerte de su menor hijo natural Juan Rivera Vera, y la segunda por la muerte de su hija menor Estrella Martínez González, acaecidas ambas muertes por la supuesta culpa y negligencia de El Pueblo de Puerto Rico."

De conformidad con la autorización así otorgada, Baudilia Rivera Vera y Matilde González instaron en 16 de junio de 1950 demanda de daños y perjuicios contra El Pueblo de Puerto Rico. Alegaron en ella, en lo aquí esencial, que el día 16 de abril de 1948 como a las cuatro y media de la tarde el menor Juan Rivera Vera, hijo natural de la primera, y Estrella Martínez, hija legítima de la segunda, viajaban como pasajeros, mediante paga, de Ponce hacia Adjuntas por la carretera número 6 en un ómnibus conducido por Julio Toro Avilés; que mientras el vehículo caminaba en la dirección indicada súbita e inesperadamente una enorme piedra, como de diez quintales de peso, se desprendió del lado sur de la carretera, desde lo alto del risco o escarpe lateral, una distancia como de 282 metros, y fué a caer sobre dicho ómnibus, rompiendo su plafón y penetrando en su inte-

rior donde iban montados los pasajeros, produciendo la muerte instantáneamente a los menores citados; que dicha carretera es una vía pública bajo la administración y dominio de El Pueblo de Puerto Rico, el que tiene una servidumbre legal sobre la misma, sobre sus dos lados y sobre los riscos, escarpes o superficies laterales de ella; que la muerte de los citados menores se debió única y exclusivamente a la culpa y negligencia de El Pueblo de Puerto Rico, sus agentes, sirvientes o mandatarios, y que esa culpa y negligencia fué la causa única, eficiente y directa de la muerte de los menores, debiéndose las mismas, según se alega, entre otros, a los fundamentos siguientes:

"*a*) Permitir que una piedra o roca del tamaño de la que produjo la muerte según se alega en la demanda permaneciera por sí sola, suelta y sin ninguna clase de soporte o sostén en un risco inclinado, al lado de la carretera por donde constantemente pasan viandantes, peatones y pasajeros en vehículos. No evitar por algún medio físico a su alcance que esa roca o piedra visiblemente peligrosa se desprendiera debido al peso de la misma por la ley de gravedad.

"*b*) No remover a tiempo dicha piedra o roca, de peso considerablemente grande, del risco o del escarpe lateral de la carretera para evitar que la misma se desprendiera.

"*c*) No haber previsto como no previó el Pueblo de Puerto Rico el inminente peligro de una piedra o roca del tamaño de la que produjo la muerte, cuando dicha piedra o roca tenía suficiente peso para zafarse y ocasionar muerte y daño a vida y hacienda.

"*d*) No prever que no se deben permitir o tolerar piedras o rocas de peso considerablemente grande por fuera, descubiertas o salidas a las superficies inclinadas de las laderas o escarpados que enfrentan a la carretera, porque la fuerza de gravedad y la erosión del terreno normales producen los derrumbes del terreno y el desprendimiento de las rocas con el consecuente peligro para vidas y haciendas que transitan por la carretera.

"*e*) Que el demandado, el Pueblo de Puerto Rico, mediante su Comisionado del Interior, y/o mediante sus agentes, mandatarios o sirvientes, estuvieran dichos mandatarios o representantes del demandado actuando o no como agentes especiales del

demandado, con anterioridad y al tiempo de la ocurrencia de los hechos que han dado lugar a esta demanda, tenían conocimiento y sabían de la condición inminentemente peligrosa, para vidas y haciendas, en que estaba colocada la piedra o roca en el escarpe lateral de la carretera en la fecha, día, hora y sitio del accidente y con anterioridad a la ocurrencia del siniestro."

A esa demanda El Pueblo de Puerto Rico interpuso moción para desestimar, fundada en que aquélla no aduce hechos constitutivos de una causa de acción. Vista la misma, el tribunal a quo dictó resolución en 14 de septiembre de 1951 declarando con lugar la moción y concediendo a las demandantes un término de diez días para enmendar su demanda, de ser ello posible. Cuatro días más tarde las demandantes solicitaron se dictara sentencia de acuerdo con la ameritada resolución y el tribunal así lo hizo en igual fecha.

Las demandantes apelaron y ahora imputan al tribunal sentenciador haber errado al declarar "con lugar la moción para desestimar interpuesta por el demandado y, en su consecuencia, al dictar sentencia en contra de las demandantes desestimando la demanda."

Aunque en su alegato original las demandantes sostienen que su acción se basa en la responsabilidad civil de los artículos 1802 y siguientes de nuestro Código Civil, ed. 1930, en el complementario alegan que su causa de acción se funda en los referidos artículos "en su relación con los artículos 393 al 404 del Código Político de Puerto Rico." Las apelantes, sin duda, han querido referirse más bien a los artículos 1803 del Código Civil y 404 del Código Político. (¹)

---

(¹) El artículo 1803 del Código Civil, ed. 1930, en lo pertinente provee:

"El Pueblo de Puerto Rico es responsable en este concepto cuando obra por mediación de un agente especial; . . . . ."

El artículo 404 del Código Político dispone:

"RESPONSABILIDAD CIVIL.—El Pueblo de Puerto Rico será responsable civilmente de los daños y perjuicios que se ocasionen a las personas o propiedades por desperfectos, falta de reparación o de protección suficiente para el viajero en cualquier vía de comunicación, perteneciente a la isla, y a cargo del Negociado de Obras Públicas, excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos."

A los fines de la cuestión de derecho que tenemos ante nos, sin embargo, es innecesario resolver si la acción se basa en el referido artículo del Código Civil o en el citado del Código Político.

■ La moción de desestimación presentada por el demandado tiene el alcance y efecto de la excepción previa que figura bajo el artículo 105, inciso 6 del Código de Enjuiciamiento Civil, es decir, admitir la veracidad de los hechos esenciales alegados en la demanda. *Boulon* v. *Pérez*, 70 D.P.R. 988, 991; *López* v. *Saldaña*, 68 D.P.R. 971, 975. Incumbe, pues, resolver si admitiendo como ciertos todos los hechos pertinentes alegados en la demanda ésta determina una buena causa de acción contra El Pueblo de Puerto Rico.

■ La espina dorsal de la demanda, según se ha visto, es que mientras los menores de referencia viajaban en un ómnibus por una de las vías públicas de Puerto Rico una enorme roca que estaba como a 282 metros de distancia se desprendió desde lo alto de un risco, cayó sobre el ómnibus y les ocasionó la muerte. Ésa es, desde luego, tan sólo la médula de la demanda. Sin embargo, la alegación a ese efecto está complementada por otras que, a nuestro juicio, hacen que la demanda en los términos en que está concebida aduzca una causa de acción contra El Pueblo de Puerto Rico.

Se habrá notado que, luego de aducirse en la demanda que los menores viajaban en la guagua y que una enorme piedra súbita e inesperadamente se desprendió desde lo alto del risco, cayó sobre el plafón del vehículo y ocasionó la muerte a los menores, se sigue alegando que la carretera donde ocurrieron los hechos expuestos es una vía pública bajo la administración y dominio del demandado; que la muerte de los menores se debió exclusivamente a la culpa y negligencia de El Pueblo de Puerto Rico, sus agentes, sirvientes o mandatarios; que dicha culpa y negligencia consistió en haber permitido el demandado que una piedra del tamaño de la indicada permaneciera por sí sola, suelta y sin

ninguna clase de soporte o sostén en un risco inclinado, al lado de la carretera por donde constantemente pasan vehículos y en no evitar por algún medio físico que la misma se desprendiera; en no remover a tiempo la piedra; en no haber previsto el inminente peligro que la misma significaba; en permitir que una piedra tan enorme permaneciera fuera de la tierra en una ladera junto a la carretera; y en que el demandado, mediante sus agentes o sirvientes, con anterioridad a la ocurrencia de los hechos tenía conocimiento y sabía de la condición inminentemente peligrosa para vidas y haciendas en que estaba colocada la piedra.

Admitidos por el demandado, a virtud de su moción para desestimar, todos esos hechos esenciales de la demanda, la misma incuestionablemente aduce una causa de acción de daños y perjuicios contra el demandado. (²)

■ Las Reglas de Enjuiciamiento Civil son aplicables a una acción civil ordinaria como la aquí envuelta. (³) De acuerdo con la Regla 8:

"Una alegación que exponga una solicitud de remedio, ya sea una reclamación original, reconvención, reclamación recíproca (*cross-claim*) o reclamación de tercero (*third party claim*), contendrá (1) una relación sucinta y clara de los hechos que originan la acción y que dan derecho al demandante al remedio que solicita; y (2) una solicitud de sentencia concediendo el remedio a que crea tener derecho. . . ."

En este caso es innegable que la demanda presentada contiene una relación sucinta y clara de los hechos que originan la acción y que prima facie da derecho a las demandantes al remedio que solicitan, así como la súplica de que se dicte sentencia en favor de ellas. Las demandas en casos como el presente no necesitan ser en la actualidad tan detalladas

---

(²) Cf. *Shaknis* v. *State*, 251 App. Div. 767, 295 N.Y.S. 663, confirmado en *Doulin* v. *State*, 277 N.Y. 558, 13 N.E.2d 472; así como *Jacobs* v. *State*, 177 *Misc.* 70, 33 N.Y.S.2d 692; *Trimble* v. *State*, 26 N.Y.S.2d 533; y *Boskovich* v. *King County*, 61 P.2d 1299, 107 A.L.R. 591.

(³) Véase la Regla 81.

como antes de la vigencia de las citadas reglas. 2 Moore's *Federal Practice*, 2da. ed., pág. 1607. Si se examina el formulario número 8 que aparece al final de las reglas se verá que basta una ligera relación de hechos que cree en favor del demandante el derecho a solicitar un remedio, y la súplica de que se dicte sentencia en su favor. La que figura en este caso es mucho más completa que la que aparece en el citado formulario. Interpretando la misma con el propósito de hacer justicia sustancial tal como dispone la Regla 8(f) que serán interpretadas todas las alegaciones, no es posible llegar a otra conclusión que no sea la de que la demanda en este caso determina una buena causa de acción.

Fué, por tanto, un error del tribunal a quo declarar con lugar la moción para desestimar, *debiendo, en su consecuencia, revocarse la sentencia apelada y devolverse el caso a dicho tribunal para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Presidente Señor Todd, Jr., y Asociado Señor Ortiz no intervinieron.