BAUDILIA RIVERA VERA, ETC., ET AL., Plaintiffs and Appellants *v.* THE PEOPLE OF PUERTO RICO, represented by THE GOVERNOR LUIS MUÑOZ MARÍN, Defendant and Appellee.

No. 10607. Argued April 7, 1954.—Decided April 26, 1954.

*Frank Torres* and *Ariel Colón Clavell* for appellants.  *J. B. Fernández Badillo, Acting Attorney General,* and *José Antonio Arabía, Assistant Attorney General,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Under the authority of Act No. 226 of May 5, 1950 (Sess. Laws, p. 578),[1] Baudilia Rivera Vera and Matilde González sued the People of Puerto Rico for the recovery of damages for the death of their respective minor children, Juan Rivera Vera and Estrella Martínez González.  At defendant's request, the complaint was dismissed on the ground that it did not state facts sufficient to constitute a cause of action.  Plaintiffs were allowed time to amend their complaint, which they declined to do, and moved for judgment.  The lower court rendered judgment which we reversed on appeal and held that:

---

[1] Section 1 of the said Act provides:

"Baudilia Rivera Vera and Matilde González are hereby authorized to sue The People of Puerto Rico independently of whether the latter has acted or not through a special agent, in a civil action for damages: the former for the death of her minor natural son, Juan Rivera Vera, and the latter for the death of her minor daughter Estrella Martínez González, both deaths having occurred through the supposed fault and negligence of The People of Puerto Rico."

"The complaint which alleges that while certain minors were traveling in a bus along a public highway a huge rock broke loose from the top of a cliff, fell on the bus and killed them; that at the time of the accident, said highway was under defendant's administration and control; that the minors' death was exclusively due to the fault and negligence of defendant, its representatives, servants or agents, stating in what said negligence consisted; and that defendant by means of its agents or servants, knew and was aware, prior to the accident, of the position of imminent danger in which said rock was found, states a cause of action." *Rivera* v. *People,* 73 P.R.R. 841.

The case having been remanded to the lower court, defendant answered and thereafter the trial was held on the merits. That court rendered judgment dismissing the complaint after making the following findings of fact:

"1. That insular highway No. 6, between Ponce and Adjuntas, has since 1920 been under the control, conservation and maintenance of the People of Puerto Rico, now the Commonwealth, through the Commissioner of the Interior, now the Secretary of Public Works, and that the said highway has been open to the public since that year.

"2. That on April 16, 1948, about 4:30 p. m., the deceased were traveling as passengers on a public bus between Ponce and Adjuntas upon insular highway No. 6.

"3. That as the bus proceeded along the middle of the highway and approached kilometer 20, hectometer 1, at a place where there are three painted white crosses, a stone having an approximate thickness of 20 inches fell suddenly and unexpectedly breaking through the top and penetrating into the bus, injuring plaintiff's predecessors in interest who died as a result of such injuries.

"4. That plaintiff Baudilia Rivera Vera, also known as María Baudilia Vera, is the natural mother with patria potestas over her late minor son, Juan Rivera Vera, who died as a result of the accident involved in the complaint. The deceased was a healthy young man, about 18 years of age, and helped in part to support his mother with the fruit of his labor, and that, as a result of his death, plaintiff has suffered mental anguish.

"5. That plaintiff Matilde González is the legitimate mother with patria potestas over her late minor daughter, Estrella Martínez González, who died as a result of the accident involved in the complaint. The deceased was a healthy young girl about 17 years of age, who attended public school, and that as a result of her death plaintiff Matilde González has suffered mental anguish.

"6. That the stone which broke loose was sitting at the top of the lateral scarpment on the south side of the road, at a distance of approximately 96 meters from the center of the road and 85 meters from the edge of the side slope on the south side of the road, where there are three white crosses painted at the present time.

"7. That the place where the stone broke loose is private property and does not belong to defendant.

"8. That on the day of the occurrence of the events in question, it was raining hard at the scene of the accident from about 11 o'clock, and when the accident occurred, at 4:30 p.m., it was raining so hard that the rain kept coming in the bus in which plaintiffs' predecessors were riding.

"9. That the stone broke loose as a result of the heavy rains which fell on the day of the accident, undermining the land and leaving the earth loose; that it happened unexpectedly, and that neither the defendant nor its employees were aware of what was going to happen and, consequently, had no time to remedy the situation.

"10. That, likewise, neither the defendant nor its employees knew at any time before the accident that the stone was in a hazardous condition or about to become dislodged.

"11. That the accident in which minors Juan Rivera Vera and Estrella Martínez González, plaintiff's predecessors in interest, lost their lives, should be regarded as an unfortunate accident not due to defendant's fault or negligence."

Plaintiffs appealed from the judgment thus rendered and, although they do not challenge the foregoing findings of fact, they contend that the trial court erred (1) in concluding that the accident in which the plaintiffs' minor children lost their lives, should be regarded as an unfortunate accident due to no fault or negligence on the part of defendant; and (2) in concluding that the People of Puerto Rico is not

liable in any manner whatever for the damages sustained by plaintiffs.

▬▬ Briefly, appellants' contention is that defendant should have been held liable for the damages allegedly sustained by them, inasmuch as it was defendant's duty to inspect the place from which the rock or stone broke loose and remove it before it became dislodged, that by not doing so, it failed to comply with the obligation prescribed by § 404 of our Political Code.[2]  In this connection, it is stated in their brief: "Section 404 of the Political Code of Puerto Rico establishes no limitations on the Government's duty to guarantee the life and security of persons travelling on the highways of the Island.  If the conditions so warrant, barriers should be constructed on either side and the land lying beyond the highway zone should be surveyed meter by meter."

We disagree with appellants.  Such interpretation of that legal precept would be tantamount to asserting that the sovereign is the guarantor of the security of the persons using the public highways.  That is not the reality.  The People is liable for damages to persons or property occurring through defect, want of repair or sufficient protection to the traveler using the public means of communication, except where it shall be proved that the defects were caused by violence of the elements and that there had not been ample time to remedy them.  Apart from the fact that the loosening was due, according to the findings of the lower court, to the violence of the elements—the heavy rains which fell the day of the accident—which might perhaps be sufficient to exonerate the defendant from responsibility, the latter

---

[2] Section 404 of the Political Code provides:

"Section 404.  Civil Responsibility.  That the People of Puerto Rico shall be liable for injuries to persons or property occurring through a defect, or want of repair, or of sufficient protection, in or upon an Insular highway in charge of the bureau of public works, except where it shall be proved that such defects were caused by violence of the elements and that there had not been ample time in which to remedy them."

cannot be charged with negligence in failing to foresee the possibility of the dislodgment of the rock. As stated in *Figueroa* v. *P. R. Ry. Light & P. Co.*, 66 P.R.R. 463, 470, citing from Shearman & Redfield *On Negligence*, 1941 rev. ed., vol. 1, p. 94, par. 35:

". . . . 'The consequences of the negligent act must be within the range of probability as viewed by the ordinary man, and consequences which are merely possible cannot be regarded as either probable or natural. The alleged consequences of the act here claimed to have been negligent are not such as could reasonably have been foreseen or anticipated. One is bound to anticipate only the reasonable and natural consequences of his conduct.'

"Probability of consequence implies expectation thereof. 'One is not responsible for consequences which are merely possible, but only for those which are probable according to ordinary and usual experience . . . Probable consequences are to be anticipated and not those which are merely possible . . . . The natural and probable consequences are those which human foresight can foresee.' "

Although the dislodgment of the stone from the place where it was situated—96 meters from the middle of the road—was within the range of possibility, it can hardly be sustained that the People could have foreseen the probability of such dislodgment, and much less that the reasonable and natural consequences of allowing that stone to remain in the original place would be the sudden loosening and consequent damage to a human being, especially if we bear in mind the lack of knowledge on the part of the People of the condition of the dislodged stone and the total absence of evidence in the record that similar dislodgments were common in that place and known to the defendant.

In *Trimble* v. *State*, 26 N.Y.S. 2d 533, the Court of Claims of that State, in the decision in the case of a young girl who was visiting a State park and whose back was punctured, due possibly to the loosening of an indeterminate object, stated the principle in the following terms: "The

test of actionable negligence is not what could have been done to prevent a particular accident, but what a reasonably prudent and careful person would have done under the circumstances in the discharge of his duty to the injured party. Failure to guard against a remote possibility of accident or one which could not, in exercise of ordinary care, be foreseen does not constitute negligence." [3]

The case of *Boskovich* v. *King County*, 61 P. 2d 1299, 107 A.L.R. 591, is near in point. The facts of the case, as they appear from the opinion, were: Plaintiff, Mary Boskovich, left her home in Seattle in the afternoon of January 22, 1935, driving her car and carrying as passengers her eight-year-old daughter and a friend. Her objective was the town of Buckley, where she intended to visit her parents. For many years she had been accustomed to drive over that highway. During the month in question, heavy rains flooded that county and adjacent counties and the other roads were impassible. As the car proceeded about one and one-half miles east of Renton, a slide broke loose from a point about 350 feet up the hillside, struck the automobile, injuring Mrs. Boskovich and her daughter, as well as damaging the car. In the decision of the case, the Supreme Court of the State of Washington stated that it must be borne in mind that plaintiff's damage resulted from a cause arising outside the highway itself, and not from any defect in the road, that to hold that a county must advise itself as to the nature of the terrain for 300 or more feet up a hillside, under penalty of being liable to any one injured by débris falling from such a distance, would place an impossible burden upon the counties of that state, that it must also be borne in mind that it does not appear in the case at bar that the construction of the road had anything to do with causing the slide which injured respondents, that it frequently

---

[3] *Cf. Shaknis* v. *State*, 251 App. Div. 767, 295 N.Y.S. 663, affirmed in *Doulin* v. *State*, 277 N.Y. 558, 13 N.E. 2d 472; also *Jacobs* v. *State*, 177 Misc. 70, 33 N.Y.S. 2d 692.

happens in that state that roads necessarily wind along high, steep hillsides, and can be constructed in no other place. That court concluded that "Natural conditions cannot be changed, and roads must be constructed under extremely difficult conditions."

We are not deciding here, in general terms, under what circumstances The People of Puerto Rico would be liable for damages caused by the lack of sufficient protection to travelers on public highways. Confining ourselves to the facts of the case at bar, we conclude that the lower court committed no error in dismissing the complaint.

The judgment appealed from will be affirmed.

Mr. Justice Ortiz did not participate herein.

