Baudilia Rivera Vera, madre natural con patria potestad de su extinto menor hijo Juan Rivera Vera, y Matilde González, madre legítima con patria potestad de su extinta menor hija Estrella Martínez González, demandantes y apelantes, *v.* El Pueblo de Puerto Rico, representado por El Gobernador Luis Muñoz Marín, demandado y apelado.

Número 10607.

*Sometido:* 7 de abril de 1954. *Resuelto:* 26 de abril de 1954.

*Frank Torres* y *Ariel Colón Clavell,* abogados de los apelantes; *Honorable Secretario de Justicia Interino, J. B. Fernández Badillo* y *José Antonio Arabía, Procurador Auxiliar,* abogados del apelado.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del tribunal.

Autorizadas por la Ley 226 de 5 de mayo de 1950 (página 579),(¹) Baudilia Rivera Vera y Matilde González demandaron a El Pueblo de Puerto Rico en reclamación de daños y perjuicios por la muerte de sus respectivos hijos menores de edad, Juan Rivera Vera y Estrella Martínez González. A solicitud del demandado la demanda fué desestimada por el fundamento de que no aducía hechos constitutivos de una causa de acción y se le concedió término a las demandantes para enmendarla a lo cual se negaron, pidiendo que se dictara sentencia. Así lo hizo la corte a quo y en apelación revocamos dicha sentencia y sostuvimos que:

"Una demanda que alega que mientras unos menores viajaban en un ómnibus por una vía pública una enorme roca se desprendió de un risco, cayó sobre el ómnibus y les ocasionó la muerte; que al ocurrir el accidente dicha vía pública estaba bajo la administración y dominio del demandado; que esa muerte se debió exclusivamente a la culpa y negligencia de éste, sus agentes, sirvientes o mandatarios, expresando en qué consistió esa negligencia; y que el demandado, mediante sus agentes o sirvientes, tenía conocimiento y sabía antes del accidente de la condición inminentemente peligrosa en que estaba colocada la roca, aduce causa de acción." (*Rivera* v. *Pueblo*, 73 D.P.R. 902.)

Devuelto el caso al tribunal de origen, contestó el demandado y luego se celebró un juicio en los méritos. Dicho tribunal dictó sentencia declarando sin lugar la demanda después de formular las siguientes conclusiones de hecho:

"1. Que la carretera insular número 6 que conduce de Ponce hacia Adjuntas, ha estado desde el año 1920 bajo el control, conservación y mantenimiento de El Pueblo de Puerto Rico, hoy Estado Libre Asociado, a través del Comisionado de lo Interior,

(¹) La sección primera de dicha ley dispone:
"Por la presente se autoriza a las señoras Baudilia Rivera Vera y Matilde González, a demandar a El Pueblo de Puerto Rico, independientemente de que éste haya o no actuado mediante un agente especial, en acción civil de Daños y Perjuicios: la primera por la muerte de su menor hijo natural Juan Rivera Vera, y la segunda por la muerte de su hija menor Estrella Martínez González, acaecidas ambas muertes por la supuesta culpa y negligencia de El Pueblo de Puerto Rico."

hoy Secretario de Obras Públicas, y que desde dicho año 1920 esa carretera está abierta al uso público.

"2. Que el día 16 de abril de 1948, alrededor de las 4:30 de la tarde, los causantes de las demandantes viajaban como pasajeros en un ómnibus público de Ponce hacia Adjuntas por la referida carretera insular número 6.

"3. Que mientras dicho ómnibus caminaba por el centro de la carretera al llegar al kilómetro 20, hectómetro 1, frente a un punto donde hoy aparecen dibujadas tres cruces blancas, cayó súbita e inesperadamente una piedra de aproximadamente veinte pulgadas de espesor, sobre el plafón del vehículo rompiéndolo y penetrando a su interior donde lesionó a los causantes de las demandantes que murieron a causa de tales lesiones.

"4. Que la demandante Baudilia Rivera Vera, también conocida por María Baudilia Vera, es la madre natural con patria potestad de su extinto menor hijo Juan Rivera Vera, quien falleció víctima del accidente objeto de la demanda. Dicho causante era un joven saludable como de 18 años de edad y ayudaba parcialmente al sostenimiento de su madre con el producto de su trabajo y que como consecuencia de su muerte la referida demandante ha sufrido agustias mentales.

"5. Que la demandante Matilde González es la madre legítima con patria potestad de su extinta menor hija Estrella Martínez González, quien falleció víctima del accidente objeto de la demanda. Dicha causante era una joven saludable como de 17 años de edad, y estaba en la escuela pública y como consecuencia de su muerte la demandante Matilde González ha sufrido angustias mentales.

"6. Qué al momento de ocurrir el desprendimiento, la piedra estaba situada hacia lo alto del escarpe lateral que queda al sur de la carretera a una distancia de alrededor de 96 metros desde el centro de la carretera y 85 metros desde el borde del talud que está al lado sur de la carretera donde en la actualidad aparecen dibujadas tres cruces blancas.

"7. Que el sitio desde el cual se desprendió la piedra es de propiedad privada y no pertenece al demandado.

"8. Que el día en que sucedieron los hechos que motivan esta acción llovía torrencialmente en el sitio donde ocurrió el accidente desde alrededor de las 11:00 de la mañana y al ocurrir el accidente, a las 4:30 de la tarde, continuaba lloviendo en tal forma que la lluvia penetraba al interior del ómnibus en que viajaban los causantes de las demandantes.

"9. Que la piedra se desprendió debido a que las fuertes lluvias que cayeron durante el día del accidente socavaron el terreno bajo la piedra hasta dejarla completamente suelta, lo que ocurrió inesperadamente sin que el demandado o sus empleados tuvieran conocimiento de ello y consecuentemente tiempo para remediar esa situación.

"10. Que asimismo el demandado ni sus empleados tuvieron en ningún momento anterior al accidente conocimiento de que dicha piedra estuviera en un estado peligroso o próximo a derrumbarse.

"11. Que el accidente donde perdieron la vida los menores Juan Rivera Vera y Estrella Martínez González, causantes de las demandantes, debe clasificarse como un accidente desgraciado en donde no medió culpa o negligencia alguna por parte del demandado."

Las demandantes interpusieron recurso de apelación contra la sentencia así dictada y aunque no impugnan las anteriores conclusiones de hecho, imputan a la corte sentenciadora haber cometido error, (1) al concluir que el accidente donde perdieron la vida los menores causantes de las demandantes, debe clasificarse como un accidente desgraciado donde no medió culpa o negligencia alguna por parte del demandado, y (2) al concluir que El Pueblo de Puerto Rico no es responsable en forma alguna de los daños sufridos por las demandantes.

En síntesis, el argumento de las apelantes es al efecto de que el demandado debió ser considerado responsable de los daños que ellas alegan haber sufrido ya que dicho demandado debió efectuar una inspección del sitio donde se encontraba la roca o piedra que se desprendió para descubrir el estado peligroso de ésta y removerla antes de que se desprendiera; que al no hacerlo así dejó de cumplir las obligaciones que le impone el artículo 404 de nuestro Código Político.(2)

---

(2) El artículo 404 del Código Político dispone:

"Artículo 404.—Responsabilidad civil.—El Pueblo de Puerto Rico será responsable civilmente de los daños y perjuicios que se ocasionen a las personas o propiedades por desperfectos, falta de reparación o de protec-

A este efecto se expresa así en su alegato: "El artículo 404 del Código Político de Puerto Rico no establece límites al gobierno para garantizar la vida y la seguridad de las personas que viajan por las carreteras de la Isla. Si las condiciones así lo requieren deberán ponerse barreras a cada lado y si éstas así lo requieren se debe examinar metro por metro los terrenos que están más allá de la zona de las carreteras."

No tienen razón las apelantes. Tal interpretación del citado precepto legal, equivaldría a afirmar que el soberano es garantizador de la seguridad de las personas que utilizan las carreteras públicas. Ésa no es la realidad. El Pueblo responde de los daños que se ocasionen a las personas o propiedades por desperfectos, falta de reparación o protección suficiente para el viajero en las vías públicas de comunicación excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para repararlos. Aparte de que el desprendimiento de la roca se debió, según lo encontró probado el tribunal a quo, a la violencia de los elementos—las fuertes lluvias que cayeron el día del accidente—lo que quizás sería suficiente para exonerar de responsabilidad al demandado, no puede imputársele negligencia a éste por el hecho de que no previera la posibilidad del desprendimiento de la roca. Como dijimos en *Figueroa* v. *P. R. Ry., Light & P. Co.,* 66 D.P.R. 488, a la página 495, citando de la obra Shearman & Redfield *On Negligence,* edición revisada de 1941, Vol. 1, pág. 95, párrafo 35:

"Las consecuencias de un acto negligente deben estar dentro del campo de las probabilidades según las percibe una persona corriente, y las consecuencias que son meramente posibles no pueden ser consideradas probables o naturales. Las consecuencias alegadas del acto aquí considerado negligente no son tales

---

ción suficiente para el viajero en cualquier vía de comunicación, perteneciente a la Isla, y a cargo del Negociado de Obras Públicas, excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos."

que podrían haber sido razonablemente previstas o anticipadas. Uno debe solamente anticipar las razonables y naturales consecuencias de sus actos."

"Probabilidad de una consecuencia implica expectación o espera de la misma. Uno no es responsable de aquellas consecuencias que son meramente posibles, pero sí de las que son probables de acuerdo a la experiencia corriente. Las consecuencias probables pueden anticiparse, pero no aquéllas que solamente son posibles. Las naturales y probables consecuencias son aquéllas que la mente humana puede prever."

Si bien el desprendimiento de la roca en cuestión desde el sitio donde se hallaba—a 96 metros del centro de la carretera—era algo que estaba dentro del campo de las posibilidades, difícilmente puede sostenerse que El Pueblo pudo prever las probabilidades de tal desprendimiento y menos aún que las razonables y naturales consecuencias de permitir que dicha roca permaneciera en el sitio donde originalmente se hallaba serían su súbito desprendimiento y el consiguiente daño a un semejante, especialmente si se toma en consideración la falta de conocimiento por parte de El Pueblo del estado en que se encontraba la roca desprendida y la ausencia total de prueba en el récord de que corrientemente ocurrieran desprendimientos similares en ese sitio y de lo cual tenía el demandado algún conocimiento.

En *Trimble* v. *State*, 26 N.Y.S.2d, 533, la Corte de Reclamaciones de dicho Estado, al tener ante sí el caso de una joven que estando en un parque del Estado recibió una herida punzante en la espalda, debida posiblemente al desprendimiento de un objeto indeterminado, expresó el principio en los siguientes términos: "Para averiguar si hay responsabilidad al incurrirse en negligencia en casos de esta naturaleza es necesario determinar no lo que pudo hacerse para evitar el accidente en cuestión, sino lo que una persona razonable y prudente hubiera hecho bajo las circunstancias en el cumplimiento de sus deberes hacia la persona lesionada. El dejar de tomar precauciones contra una posibilidad remota,

o el dejar de tomar aquella precaución que en el ejercicio de prudencia ordinaria no podía ser prevista, no constituye negligencia." ([3])

El caso de *Boskovich* v. *King County*, 61 P.2d 1299, 107 A.L.R. 591, se asemeja bastante al presente. Los hechos en él envueltos, según aparecen de la opinión fueron: La demandante Mary Boskovich salió de su hogar en Seattle, en la tarde del 22 de enero de 1935, conduciendo su propio automóvil y llevando como acompañantes a su hija de 8 años y a una amiga. Iba hacia Buckley con el propósito de visitar a sus padres. Por muchos años ella había guiado su vehículo por dicha ruta. Durante el mes en cuestión las lluvias inundaron aquel condado y los adyacentes y las demás carreteras estaban intransitables. Mientras el vehículo corría como a milla y media al este del pueblo de Renton hubo un derrumbe desde la parte superior de la colina contigua, como a 350 pies. El mismo cayó sobre el automóvil de la señora Boskovich, hirió a ésta y a su hija y ocasionó daños al vehículo. La Corte Suprema del Estado de Wáshington al resolver el caso manifestó que debía tenerse presente que el daño ocasionado a la demandante fué el resultado de una causa que surgió fuera de la carretera y no de un defecto mismo en ésta; que el resolver que un condado debe tomar conocimiento de la naturaleza de un terraplén de 300 pies o más, so pena de ser responsable de los daños ocasionados por la zahorra que caiga desde tal distancia, impondría una carga imposible a los condados de aquel Estado; que debía tenerse, asimismo, en cuenta que del caso que ante sí tenía no aparecía que la construcción de la carretera tuviera algo que ver con el derrumbe que lesionó a las querellantes; que con frecuencia sucede allí que los caminos y carreteras discurren a través de campos accidentados y que no es posible construirlos en otra forma.

---

([3]) *Cf. Shaknis* v. *State*, 251 App. Div. 767, 295 N.Y.S. 663, confirmado en *Doulin* v. *State*, 277 N. Y. 558, 13 N.E.2d 472; así como *Jacobs* v. *State*, 177 Misc. 70, 33 N.Y.S.2d 692.

Terminó dicho tribunal su pensamiento indicando que "las condiciones naturales no pueden ser alteradas y es menester construir carreteras bajo condiciones extremadamente difíciles."

No estamos resolviendo ahora en términos generales, bajo qué circunstancias El Pueblo de Puerto Rico responde de los daños causados por la falta de protección suficiente para el viajero en las vías públicas. Limitándonos a los hechos de este caso concluímos que no cometió error la corte a quo al desestimar la demanda.

*La sentencia apelada será confirmada.*

El Juez Asociado Sr. Ortiz no intervino.