ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **MARIBEL PARDO SOTO**<br><br>Recurrida<br><br>v.<br><br>**ÓPTIMA SEGUROS y otros**<br><br>Peticionario | TA2025CE00387 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**SJ2025CV00031**<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Díaz Rivera y el Juez Sánchez Ramos.[1]

Cintrón Cintrón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Comparece ante nos Óptima Seguros (en adelante, "Óptima" o "peticionaria") y solicita la revisión de la *Resolución y Orden* pronunciada y notificada el 21 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"). Mediante el dictamen aludido, el foro primario declaró no ha lugar a la *Moción en Solicitud de Desestimación* incoada por la peticionaria al concluir que la defensa de inmunidad no le era aplicable en esa etapa de los procedimientos.[2]

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

**I.**

El 2 de enero de 2025, la señora Maribel Pardo Soto (en adelante, "señora Pardo" o "recurrida") incoó una *Demanda* contra Óptima, por esta ser la aseguradora del Municipio de San Juan (en

---

[1] Véase *Orden Administrativa OATA-2025-219* del 4 de noviembre de 2025.
[2] Óptima solicitó una reconsideración el 5 de agosto de 2025, pero esta fue denegada mediante una *Resolución Interlocutoria* emitida y notificada el 6 de agosto de 2025.

adelante, "Municipio"). Alegó que, el 6 de agosto de 2024, se cayó en una acera localizada en la calle Dr. Manuel Pavía. Puntualizó que la acera tenía un desnivel, por lo cual el Municipio debía indemnizarle por no mantener el pavimento en condiciones adecuadas o no colocar un aviso sobre la peligrosidad que esto representaba. Así, solicitó $75,000.00 en daños por dolencias físicas y angustias mentales.

El 14 de marzo de 2025, Óptima presentó una *Moción en Solicitud de Desestimación*. Arguyó que la acera pertenece al Estado Libre Asociado (en adelante, "ELA"), debido a que se encuentra aledaña a una vía estatal. Por ello, argumentó que no le corresponde al Municipio responder por una carretera estatal.

El 4 de abril de 2025, la recurrida presentó una solicitud para enmendar su demanda mediante la cual incluyó al ELA y al Departamento de Transportación y Obras Públicas (en adelante, "DTOP") como codemandados. Tras esto, el 9 de junio de 2025, el ELA contestó la *Demanda Enmendada*, negando su responsabilidad.

Seguidamente, el 25 de junio de 2025, el ELA presentó su *Oposición a [la] Solicitud de Desestimación de [Ó]ptima*, a la cual se unió la señora Pardo el 16 de julio de 2025. Mediante esta, razonó que no tenía el deber de mantener la acera de acuerdo con el Artículo 2 de la *Ley de Travesías*, Ley Núm. 49 de 1 de diciembre de 1917, 9 LPRA sec. 13. Asimismo, recalcó que Óptima no podía reclamar inmunidad y que la peticionaria debía responderle directamente a la señora Pardo.

El 21 de julio de 2025, el foro primario pronunció y notificó una *Resolución y Orden* mediante la cual declaró que la moción de desestimación era improcedente. Específicamente, el TPI esbozó lo siguiente:

> [R]esulta impertinente si el Municipio de San Juan posee inmunidad contra una causa de acción por sus acciones u omisiones en la administración,

mantenimiento o conservación de aceras aledañas a una carretera estatal. Esto es así, pues la responsabilidad de la aseguradora es una acción directa e independiente. *García v. Northern Assurance*, 92 DPR 245 (1965).

En consecuencia y, en ausencia de evidencia en esta etapa de que la póliza excluyera específicamente cubierta por acciones u omisiones culposas o negligentes, no procede extender la inmunidad del municipio como defensa en la acción directa contra la aseguradora.

Insatisfecha, la peticionaria presentó una *Moción en Solicitud de Reconsideración* el 5 de agosto de 2025. Empero, el foro recurrido la declaró no ha lugar mediante una *Resolución Interlocutoria* emitida y notificada el 6 de agosto de 2025.

Inconforme aún, Óptima comparece ante nos mediante *certiorari* y alega que el foro primario cometió el siguiente error:

Erró el TPI al denegar una moción dispositiva presentada por la Parte Peticionaria y resolver que, en una acción directa contra la aseguradora, no procede extender a ésta la defensa de la inexistencia o prohibición de causa de acción del Municipio por accidentes que ocurren en aceras o calles estatales, ignorando así y pasando por alto el mandato claro y expreso de la Asamblea Legislativa de Puerto Rico que le compele a desestimar acciones en daños y perjuicios que no están autorizadas.

Por su parte, la señora Pardo presentó su *Alegato en Oposición a [la] Petición de Certiorari* el 14 de octubre de 2025. De igual forma, el ELA, por conducto de la Oficina del Procurador General de Puerto Rico, presentó su *Alegato del Estado* el 15 de octubre de 2025.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de las de Procedimiento Civil, 32

LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019). Las resoluciones u órdenes *postsentencia* no están comprendidas de forma expresa bajo ninguno de los incisos de la mencionada Regla. Este tipo de recurso debe evaluarse bajo los parámetros establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), sobre los criterios para la expedición del auto de *certiorari*. Véase *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).[3]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

---

[3] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

### III.

En el caso de autos, la peticionaria arguye que el TPI incidió al no desestimar una causa de acción no autorizada. En esencia, aduce que el Código Municipal de Puerto Rico, 21 LPRA sec. 7084, prohíbe que se inste una acción de daños y perjuicios contra un

municipio por algún accidente ocurrido en carreteras o aceras estatales. Especifica que esta prohibición se extiende a la aseguradora porque no se trata de una defensa por inmunidad, sino de una inexistencia de una causa de acción permisible en derecho. A su entender, como el Municipio no responde, Óptima tampoco.

Tras un examen ponderado del récord ante nos, con especial atención a la moción dispositiva y el dictamen pronunciado por el foro primario, procede denegar la expedición del auto de *certiorari* solicitado. La decisión del TPI fue adecuada y sensata, debido a que examinó la solicitud de desestimación y, considerando la etapa en la que se encontraban los procedimientos, entendió que el petitorio dispositivo no procedía porque no se contaba evidencia que precisara si la póliza de seguros excluye "específicamente [la] cubierta por acciones u omisiones culposas o negligentes". Por ello, apreció que no era adecuado extender la inmunidad municipal como defensa en la acción directa contra Óptima.

En vista de que el error y los argumentos alegados por la peticionaria no rebatieron la presunción de corrección que le cobija a la decisión impugnada, el denegar la solicitud desestimatoria por falta de prueba que indicara si le aplicaba o no la inmunidad municipal en etapas tempranas del procedimiento, nos abstenemos de intervenir con el pronunciamiento cuestionado.

## IV.

Por los fundamentos anteriormente expuestos, ***denegamos*** expedir el auto de *certiorari* solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó el Tribunal y lo certifica la Secretaria. El Juez Sánchez Ramos disiente mediante opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARIBEL PARDO SOTO | | *Certiorari* procedente Tribunal de Primera Instancia, Sala Superior de San Juan |
|---|---|---|
| Recurrida | | |
| v. | TA2025CE00387 | |
| | | Caso Núm.: SJ2025CV00031 |
| ÓPTIMA SEGUROS Y OTROS | | |
| Peticionarios | | Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Díaz Rivera y el Juez Sánchez Ramos[1]

## OPINIÓN DISIDENTE DEL JUEZ SÁNCHEZ RAMOS

Procedía expedir el auto solicitado y revocar la determinación recurrida, pues el Tribunal de Primera Instancia ("TPI") erró al negarse a desestimar una reclamación contra la aseguradora de un municipio, relacionada con una caída en una acera de una vía estatal. Según se explica en detalle a continuación, ante la inexistencia de una causa de acción contra el municipio, la aseguradora no puede tener responsabilidad al respecto, tal y como correctamente lo resolvió otro panel de este Tribunal en *Fraticelli Sacarello v Mapfre Praico Ins. Co.*, Sentencia de 28 de agosto de 2025 (TA2025CE00031).

I.

Luego de enmendarse la demanda de referencia, sobre daños y perjuicios (la "Demanda"), la Sa. Maribel Pardo Soto (la "Demandante") le reclama al Estado Libre Asociado (el "ELA") y a Óptima Seguros (la "Aseguradora"), como aseguradora del Municipio de San Juan (el "Municipio").

Se alegó que, el 6 de agosto de 2024, la Demandante, mientras caminaba por la acera de la Calle Manuel Pavía en San Juan (la



---

[1] Véase Orden Administrativa OATA-2025-219 de 4 de noviembre de 2025.

"Acera"), "pisó un desnivel ... lo que provocó que cayera de rodillas al pavimento". La Demandante alegó que su caída obedeció a la negligencia del ELA y del Municipio al "no tener sus aceras en condiciones adecuadas".

El 14 de marzo de 2025, la Aseguradora presentó una *Moción en Solicitud de Desestimación* (la "Moción"). En esencia, sostuvo que el área donde ocurrió la caída era del ELA. Añadió que, según lo resuelto en *González v. Municipio*, 212 DPR 601 (2023) (el "Precedente"), el inciso (g) del Art. 15.005 de la derogada Ley de Municipios Autónomos, 21 LPRA sec. 4705, correspondiente al vigente Artículo 1.053 del Código Municipal de Puerto Rico, 21 LPRA sec. 7084, prohíbe "las acciones contra un municipio por daños y perjuicios cuando ocurran accidentes en las carreteras o aceras estatales". Por lo tanto, arguyó que, ante la ausencia de responsabilidad de su asegurado (el Municipio), la acción en su contra era improcedente como cuestión de derecho.

La Demandante y el ELA se opusieron a la Moción; plantearon, en esencia, que, según el Código de Seguros, una aseguradora no podía esgrimir ciertas defensas que sí estarían disponibles al asegurado.



Mediante una Resolución, notificada el 21 de julio (la "Resolución"), el TPI denegó la Moción. El TPI razonó que el Precedente no incidía sobre la viabilidad de acciones directas contra una Aseguradora; es decir, que la inmunidad del Municipio no beneficiaba a la Aseguradora.

El 5 de agosto, la Aseguradora solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante un dictamen notificado el 6 de agosto.

Inconforme, el 31 de agosto, la Aseguradora presentó el recurso que nos ocupa; tanto el ELA como la Demandante presentaron sus alegatos en oposición.

## II.

La titularidad, jurisdicción y el mantenimiento de las carreteras se origina de diferentes marcos jurídicos. El Artículo 1-02(a) de la Ley Núm. 54 de 30 de mayo de 1973 (la "Ley Núm. 54"), según enmendada, conocida como Ley de Administración, Conservación y Política de las Carreteras Estatales de Puerto Rico, 9 LPRA sec. 2102, establece que es una carretera estatal:

> [...] cualquier vía pública estatal para el tránsito vehicular que haya sido construida de acuerdo a alguna Ley del Estado Libre Asociado de Puerto Rico o que, habiendo sido construida por una Agencia o Corporación Pública, Estatal o Federal o por un municipio, haya sido transferida legalmente al Departamento de Transportación y Obras Públicas para su custodia y conservación. [...] .

Asimismo, el paseo es "la parte lateral de una carretera entre la zona de rodaje y la cuneta, o entre la zona de rodaje y la propiedad privada adyacente donde no hay cuneta". Artículo 1-02(c) de la Ley Núm. 54, 21 LPRA sec. 2101(c). Por otro lado, la servidumbre de paso es "la superficie de terreno ocupada por la carretera, e incluirá el área de rodaje, paseos, cunetas y terrenos adyacentes hasta la colindancia con la propiedad privada". Artículo 1-02(f) de la Ley Núm. 54, 21 LPRA sec. 2101(f). De acuerdo con lo anterior, **el concepto de carretera contempla las aceras como parte de estas, por lo cual, si la carretera es de jurisdicción estatal, la acera también lo es**. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 619 (2023).



De otra parte, el Artículo 403 del Código Político, 3 LPRA sec. 421,[2] le impone al Secretario de Transportación y Obras Públicas el deber de conservación de las carreteras a su cargo.

---

[2] En lo pertinente, el Artículo 403 del Código Político, *ante*, establece como sigue: El Secretario de Transportación y Obras Públicas hará que las carreteras del Gobierno de Puerto Rico a su cargo se mantengan en buen estado de conservación y que se siembre el arbolado necesario a lo largo de las carreteras para proporcionarles sombra, renovando los citados árboles siempre que haga falta.

*Rivera Jiménez v. Garrido & Co.*, 134 DPR 840, 851 (1993). De esta forma, "el Estado reconoció su obligación y consintió a responder de los daños que pueda ocasionar la falta de mantenimiento y conservación de las carreteras". *Íd.* En conexión, el Artículo 404 del Código Político, 3 LPRA sec. 422,[3] autorizó acciones por daños causados a personas o propiedades "por desperfectos, falta de reparación o de protección suficientes para el viajero en cualquier vía de comunicación...".

El Artículo 404 del Código Político, *ante*, "[c]onstituye el precepto especial a utilizarse para evaluar las acciones por daños que ocasionen a personas o propiedades en las vías públicas estatales, cuando los mismos fueron motivados por daños emergentes de desperfectos, falta de reparación o de protección suficientes". *Dones Jiménez v. Aut. De Carreteras*, 130 DPR 116, 119 (1992). Claro está, dicho estatuto "no convierte al Estado en un garantizador absoluto de la seguridad de las personas que utilizan las carreteras públicas". *Rivera Jiménez*, 134 DPR a la pág. 851, citando a *Rivera v. Pueblo*, 76 DPR 404, 407 (1954).

Por su parte, la Ley Núm. 49 de 1 de diciembre de 1917, 9 LPRA secs. 12-18, conocida como Ley de Travesías de Puerto Rico (la "Ley de Travesías"), se aprobó con el propósito de imponerle al entonces Comisionado del Interior de Puerto Rico (luego al Secretario de Transportación y Obras Públicas), la obligación ministerial de conservar y mantener los trozos de carreteras insulares que atraviesan las zonas urbanas de los pueblos, conocidos como travesías. Véase, Artículo 1 de la Ley de Travesías,

---

[3] El Artículo 404 del Código Político, *ante*, establece lo siguiente:
El Estado Libre Asociado de Puerto Rico será responsable civilmente de los daños y perjuicios por desperfectos, falta de reparación o de protección suficiente para el viajero en cualquier vía de comunicación perteneciente al Estado Libre Asociado y a cargo del Departamento de Transportación y Obras Públicas, excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos.

9 LPRA sec. 12. De acuerdo con la Ley de Travesías, los municipios tendrán jurisdicción sobre las dos zonas urbanizadas, a ambos lados de la travesía, que incluyen aceras y reatas o jardineras, y podrán fijar las alineaciones para construcción de edificios y aceras de acuerdo con lo que dispongan las ordenanzas municipales. Véase, Artículo 2 de la Ley de Travesías, 9 LPRA sec. 13; *Vélez v. La Capital*, 77 DPR 701, 707 (1954).

No obstante, según lo dispuesto en el Precedente, el Artículo 1.053(g) del Código Municipal de Puerto Rico, 21 LPRA sec. 7084(g), no permite las acciones de daños y perjuicios en contra de los municipios "cuando ocurran accidentes en las carreteras o aceras estatales". Resaltamos que, en cuanto al inciso (g) del Artículo 15.005 de la derogada Ley de Municipios Autónomos, equivalente al Artículo 1.053(g) del vigente Código Municipal, en el Precedente, *González*, 212 DPR a la pág. 621, se dispuso lo siguiente:

> [...] ***Nótese que el Art. 15.005 de la Ley de Municipios Autónomos, supra, no deja margen a otra interpretación en tanto y en cuanto específicamente libera de responsabilidad a los municipios cuando ocurren accidentes en carreteras o aceras estatales, entre otras cosas. Por lo tanto, resolvemos que el Municipio posee inmunidad al amparo del inciso (g) del Art. 15.005 de la Ley de Municipios Autónomos, supra.*** [...] (Énfasis en el original).

Por consiguiente, si se cumple cualquiera de las instancias del Artículo 15.005 de la Ley de Municipios Autónomos, "entonces se está ante una limitación para demandar a los municipios, para la cual no existe una excepción en ley. Se trata, pues, de una lista *numerus clausus* establecida por el legislador, y solo él puede variarla". *Íd.*, a la pág. 620. El "factor determinante para que los municipios no respondan por reclamaciones de daños y perjuicios es la existencia del vínculo directo entre un accidente y el hecho de que este ocurra en una carretera o acera propiedad del Estado". *Íd.*

III.

En este caso, por virtud de lo establecido en el Precedente, la Demandante carece de una causa de acción contra el Municipio. Por tanto, tampoco existe reclamación contra la Aseguradora, pues no se puede extender el contrato de seguros para cubrir una responsabilidad que no tiene el asegurado. *Admor. FSE v. Flores Hnos. Cement Prods.*, 107 DPR 789, 792 (1978).

Resaltamos que, de conformidad con lo establecido en *Admor. FSE*, 107 DPR a la pág. 794, **al estar ante una situación de inexistencia de causa de acción** (en vez de alguna defensa especial que solo el asegurado podría invocar), la aseguradora no responde:

> No se trata en el caso ante nuestra consideración de una defensa que pudiera levantar el asegurado y que, por consiguiente, esté impedida de derivar beneficio de ella la compañía aseguradora. Se trata, por el contrario, en el presente caso de la inexistencia de una causa de acción contra el Municipio asegurado. Por imperativo del arte de razonar correctamente --lógica-- debemos concluir que, no existiendo una causa de acción ejercitable contra el Municipio, no puede venir a responder una aseguradora por lo que en derecho es inexistente. El contrato de seguros no se puede extender para cubrir una responsabilidad que no tiene el asegurado. (Énfasis provisto).

Por tanto, erró el TPI al mantener a la Aseguradora como demandada en este caso, pues aquí no existe una causa de acción contra el Municipio debido a que el incidente objeto de la reclamación ocurrió en una carretera estatal. Es decir, no se trata de una defensa esgrimida por el Municipio que la Aseguradora pudiese estar impedida de invocar a su favor. En vez, estamos ante la inexistencia de una causa de acción en contra del asegurado, entiéndase el Municipio, lo cual ocasiona que la Aseguradora no tenga una reclamación por la cual responder.

En fin, ante la ausencia de responsabilidad estatutaria del Municipio y de una causa de acción en su contra, debido al lugar donde ocurrió el incidente, la Demanda no presenta una reclamación viable en contra de la Aseguradora.



## IV.

Por los fundamentos antes expresados, disiento.

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Roberto Sánchez Ramos
Juez de Apelaciones