Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EUNICE A. PAGÁN VEGA  Recurrida  v.  MUNICIPIO DE SAN JUAN, **MAPFRE PRAICO INSURANCE COMPANY** Y OTROS  Peticionaria | TA2025CE00897 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Caso núm.: SJ2025CV06070 (801)  Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de enero de 2026.

El Tribunal de Primera Instancia ("TPI") denegó desestimar una reclamación, en cuanto a la aseguradora de un municipio, relacionada con una caída en una acera de una vía estatal. Según se explica en detalle a continuación, concluimos que erró el TPI, pues, ante la inexistencia de una causa de acción contra el municipio en conexión con la caída, la aseguradora tampoco tiene responsabilidad al respecto.

I.

En julio de 2025, la Sa. Eunice A. Pagán Vega (la "Demandante") presentó la acción de referencia, sobre daños y perjuicios (la "Demanda"), en contra del Municipio de San Juan (el "Municipio") y de MAPFRE PRAICO INSURANCE COMPANY, como aseguradora del Municipio (la "Aseguradora").

Se alegó que, el 1 de junio de 2024, la Demandante caminaba por la acera de la Avenida Ponce de León en San Juan (la "Acera") y, cuando regresaba a su vehículo, "se tropezó con un desnivel y un

pedazo de varilla en la acera, y se cayó golpeándose fuertemente en la frente con el retrovisor del lado del pasajero, cayendo sentada sobre la mano derecha". La Demandante alegó que la caída obedeció a la negligencia del Municipio "al mantener una condición peligrosa" en la Acera. Reclamó compensación por los daños sufridos ($70,000.00).

El 8 de septiembre, el Municipio y la Aseguradora instaron una *Solicitud de Desestimación y/o Sentencia Sumaria* (la "Moción"). En esencia, sostuvieron que el área donde ocurrió la caída era del Estado Libre Asociado de Puerto Rico ("ELA"); acompañaron evidencia documental al respecto.

Los demandados añadieron que, según lo resuelto en *González v. Municipio*, 212 DPR 601 (2023) (el "Precedente"), el inciso (g) del Art. 15.005 de la derogada Ley de Municipios Autónomos, 21 LPRA sec. 4705, correspondiente al vigente Artículo 1.053 del Código Municipal de Puerto Rico, 21 LPRA sec. 7084, prohíbe "las acciones en contra de los municipios por daños y perjuicios a la persona o propiedad cuando ocurr[e]n accidentes en las carreteras o aceras estatales". Por lo tanto, arguyeron que el Municipio no podría responder por la caída y que, ante ello, como cuestión de derecho, también era improcedente la acción en contra de la Aseguradora.

A finales de octubre, la Demandante se opuso a la Moción. Alegó que los demandados no demostraron que el lugar específico de la caída estuviese bajo la jurisdicción del ELA, pero no aportaron evidencia para controvertir la prueba que se acompañó con la Moción.

Mediante una *Sentencia Parcial* (el "Dictamen"), notificado el 30 de octubre, el TPI desestimó la Demanda en cuanto al Municipio, pero denegó la solicitud de desestimación en cuanto a la Aseguradora. El TPI determinó que, tal y como lo acreditaron los

demandados, la caída ocurrió en una acera de una carretera "estatal ... bajo la jurisdicción del ELA". Por tanto, el TPI concluyó que, a raíz de lo resuelto en el Precedente, procedía la desestimación en cuanto al Municipio.

No obstante, el TPI determinó que el Precedente no incidía sobre la viabilidad de acciones directas contra una Aseguradora. Añadió que, según el Código de Seguros, una aseguradora no podía esgrimir ciertas defensas que sí estarían disponibles al asegurado. Específicamente, el TPI razonó que, a pesar de la inmunidad del Municipio, "la responsabilidad de la aseguradora en una acción directa es independiente" y que, por tanto, la inmunidad del Municipio no beneficiaba a la Aseguradora.

El 14 de noviembre, la Aseguradora solicitó la reconsideración del Dictamen, lo cual fue denegado por el TPI mediante una Orden notificada el 17 de noviembre.

Inconforme, el 15 de diciembre, la Aseguradora presentó el recurso que nos ocupa; formuló los siguientes dos (2) señalamientos de error:

> Primer Error: Erró el TPI al determinar que MAPFRE debe permanecer en el pleito mediante acción directa a pesar de haberse decretado la inexistencia de una causa de acción contra su asegurado, aplicando incorrectamente las disposiciones del Código de Seguros.

> Segundo Error: Erró el TPI al determinar que no procede extender la inmunidad del municipio como defensa en la acción directa contra la aseguradora, a pesar de la ausencia clara de responsabilidad legal de su asegurado.

El 16 de diciembre, le concedimos a la Demandante hasta el 29 de diciembre para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar el Dictamen. Ese día, la Demandante solicitó una prórroga, hasta el 23 de enero, para someter su postura. El 7 de enero, extendimos el término concedido hasta el 15 de enero, a las 9:00 a.m., advirtiendo que no se concedería una prórroga adicional. La Demandante no compareció

dentro del término concedido, por lo cual resolvemos sin el beneficio de su alegato.

II.

La titularidad, jurisdicción y el mantenimiento de las carreteras se origina de diferentes marcos jurídicos. El Artículo 1-02(a) de la Ley Núm. 54 de 30 de mayo de 1973 (la "Ley Núm. 54"), según enmendada, conocida como Ley de Administración, Conservación y Política de las Carreteras Estatales de Puerto Rico, 9 LPRA sec. 2102, establece que es una carretera estatal:

> [...] cualquier vía pública estatal para el tránsito vehicular que haya sido construida de acuerdo a alguna Ley del Estado Libre Asociado de Puerto Rico o que, habiendo sido construida por una Agencia o Corporación Pública, Estatal o Federal o por un municipio, haya sido transferida legalmente al Departamento de Transportación y Obras Públicas para su custodia y conservación. [...] .

Asimismo, el paseo es "la parte lateral de una carretera entre la zona de rodaje y la cuneta, o entre la zona de rodaje y la propiedad privada adyacente donde no hay cuneta". Artículo 1-02(c) de la Ley Núm. 54, 21 LPRA sec. 2101(c). Por otro lado, la servidumbre de paso es "la superficie de terreno ocupada por la carretera, e incluirá el área de rodaje, paseos, cunetas y terrenos adyacentes hasta la colindancia con la propiedad privada". Artículo 1-02(f) de la Ley Núm. 54, 21 LPRA sec. 2101(f). De acuerdo con lo anterior, **el concepto de carretera contempla las aceras como parte de estas, por lo cual, si la carretera es de jurisdicción estatal, la acera también lo es**. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 619 (2023).

De otra parte, el Artículo 403 del Código Político, 3 LPRA sec. 421,[1] le impone al Secretario de Transportación y Obras

---

[1] En lo pertinente, el Artículo 403 del Código Político, *ante*, establece como sigue: El Secretario de Transportación y Obras Públicas hará que las carreteras del Gobierno de Puerto Rico a su cargo se mantengan en buen estado de conservación y que se siembre el arbolado necesario a lo largo de las carreteras para proporcionarles sombra, renovando los citados árboles siempre que haga falta.

Públicas el deber de conservación de las carreteras a su cargo. *Rivera Jiménez v. Garrido & Co.*, 134 DPR 840, 851 (1993). De esta forma, "el Estado reconoció su obligación y consintió a responder de los daños que pueda ocasionar la falta de mantenimiento y conservación de las carreteras". *Íd.* En conexión, el Artículo 404 del Código Político, 3 LPRA sec. 422,[2] autorizó acciones por daños causados a personas o propiedades "por desperfectos, falta de reparación o de protección suficientes para el viajero en cualquier vía de comunicación...".

El Artículo 404 del Código Político, *ante*, "[c]onstituye el precepto especial a utilizarse para evaluar las acciones por daños que ocasionen a personas o propiedades en las vías públicas estatales, cuando los mismos fueron motivados por daños emergentes de desperfectos, falta de reparación o de protección suficientes". *Dones Jiménez v. Aut. de Carreteras*, 130 DPR 116, 119 (1992). Claro está, dicho estatuto "no convierte al Estado en un garantizador absoluto de la seguridad de las personas que utilizan las carreteras públicas". *Rivera Jiménez,* 134 DPR a la pág. 851, citando a *Rivera v. Pueblo,* 76 DPR 404, 407 (1954).

Por su parte, la Ley Núm. 49 de 1 de diciembre de 1917, 9 LPRA secs. 12-18, conocida como Ley de Travesías de Puerto Rico (la "Ley de Travesías"), se aprobó con el propósito de imponerle al entonces Comisionado del Interior de Puerto Rico (luego al Secretario de Transportación y Obras Públicas), la obligación ministerial de conservar y mantener los trozos de carreteras insulares que atraviesan las zonas urbanas de los pueblos, conocidos como travesías. Véase, Artículo 1 de la Ley de Travesías,

---

[2] El Artículo 404 del Código Político, *ante*, establece lo siguiente:

El Estado Libre Asociado de Puerto Rico será responsable civilmente de los daños y perjuicios por desperfectos, falta de reparación o de protección suficiente para el viajero en cualquier vía de comunicación perteneciente al Estado Libre Asociado y a cargo del Departamento de Transportación y Obras Públicas, excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos.

9 LPRA sec. 12. De acuerdo con la Ley de Travesías, los municipios tendrán jurisdicción sobre las dos zonas urbanizadas, a ambos lados de la travesía, que incluyen aceras y reatas o jardineras, y podrán fijar las alineaciones para construcción de edificios y aceras de acuerdo con lo que dispongan las ordenanzas municipales. Véase, Artículo 2 de la Ley de Travesías, 9 LPRA sec. 13; *Vélez v. La Capital*, 77 DPR 701, 707 (1954).

No obstante, según lo dispuesto en el Precedente, el Artículo 1.053(g) del Código Municipal de Puerto Rico, 21 LPRA sec. 7084(g), no permite las acciones de daños y perjuicios en contra de los municipios "cuando ocurran accidentes en las carreteras o aceras estatales". Resaltamos que, en cuanto al inciso (g) del Artículo 15.005 de la derogada Ley de Municipios Autónomos, equivalente al Artículo 1.053(g) del vigente Código Municipal, en el Precedente, *González*, 212 DPR a la pág. 621, se dispuso lo siguiente:

> **[...] *Nótese que el Art. 15.005 de la Ley de Municipios Autónomos, supra, no deja margen a otra interpretación en tanto y en cuanto específicamente libera de responsabilidad a los municipios cuando ocurren accidentes en carreteras o aceras estatales, entre otras cosas. Por lo tanto, resolvemos que el Municipio posee inmunidad al amparo del inciso (g) del Art. 15.005 de la Ley de Municipios Autónomos, supra*. [...]**
> (Énfasis en el original).

Por consiguiente, si se cumple cualquiera de las instancias del Artículo 15.005 de la Ley de Municipios Autónomos, "entonces se está ante una limitación para demandar a los municipios, para la cual no existe una excepción en ley. Se trata, pues, de una lista *numerus clausus* establecida por el legislador, y solo él puede variarla". *Íd.*, a la pág. 620. El "factor determinante para que los municipios no respondan por reclamaciones de daños y perjuicios es la existencia del vínculo directo entre un accidente y el hecho de que este ocurra en una carretera o acera propiedad del Estado". *Íd.*

III.

En este caso, no hay controversia sobre el hecho de que, por virtud de lo establecido en el Precedente, la Demandante carece de una causa de acción contra el Municipio. Por tanto, tampoco existe reclamación contra la aseguradora del Municipio, pues no se puede extender el contrato de seguros para cubrir una responsabilidad que no tiene el asegurado. *Admor. FSE v. Flores Hnos. Cement Prods.*, 107 DPR 789, 792 (1978).

Resaltamos que, de conformidad con lo establecido en *Admor. FSE,* 107 DPR a la pág. 794, al estar ante una situación de **inexistencia de causa de acción** (en vez de alguna defensa especial que solo el asegurado podría invocar), la aseguradora no responde:

> No se trata en el caso ante nuestra consideración de una defensa que pudiera levantar el asegurado y que, por consiguiente, esté impedida de derivar beneficio de ella la compañía aseguradora. Se trata, por el contrario, en el presente caso de la inexistencia de una causa de acción contra el Municipio asegurado. Por imperativo del arte de razonar correctamente--lógica --debemos concluir que, no existiendo una causa de acción ejercitable contra el Municipio, no puede venir a responder una aseguradora por lo que en derecho es inexistente. El contrato de seguros no se puede extender para cubrir una responsabilidad que no tiene el asegurado. (Énfasis provisto).

Por tanto, erró el TPI al mantener a la Aseguradora como demandada en este caso, pues aquí no existe una causa de acción contra el Municipio debido a que el incidente objeto de la reclamación ocurrió en la servidumbre de una carretera estatal. Es decir, no se trata de una defensa esgrimida por el Municipio que la Aseguradora pudiese estar impedida de invocar a su favor. En vez, estamos ante la inexistencia de una causa de acción en contra del asegurado, entiéndase el Municipio, lo cual ocasiona que la Aseguradora no tenga una reclamación por la cual responder.

En fin, ante la ausencia de responsabilidad estatutaria del Municipio y de una causa de acción en su contra, debido al lugar

donde ocurrió el incidente, la Demanda no presenta una reclamación viable en contra de la Aseguradora[3].

                                   IV.

Por los fundamentos antes expresados, se expide el auto de *certiorari* y se revoca la parte del dictamen recurrido mediante la cual se denegó la moción de desestimación de la Aseguradora. Cónsono con lo anterior, se desestima, con perjuicio, la acción en contra de la parte peticionaria (MAPFRE). Se devuelve el caso al TPI para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                          Lcda. Lilia M. Oquendo Solís
                     Secretaria del Tribunal de Apelaciones

---

[3] Resaltamos que, enfrentado con la misma controversia de derecho aquí presente, a igual conclusión llegó este panel del Tribunal en *Rivera Hernández v. ELA*, Sentencia de 31 de octubre de 2025 (TA2025CE00453). Véase, además, *Fraticelli Sacarello v. ELA* (TA2025CE00031).